HEISERMAN & NEFZGER v. RUSH.

1. District Court: RULE OF PRACTICE: A rule of practice of the District Court, providing that "if an appeal is not filed before noon of the first day of the term, the appellee may file it, and have the judgment below affirmed," does not authorize the dismissal of the appeal where the appellee has not filed a transcript.

*Appeal from Fayette District Court.*

SATURDAY, JUNE 8.

The necessary facts will be found in the opinion.

*McClintock & Rickett* for the appellants.

*McGlathery & Berkey* for the appellee.

Lowe, Ch. J.—In a suit before a justice of the peace, the plaintiffs recovered a judgment of twenty dollars, being about one-fifth of the amount for which they had sued. Not being satisfied, they appealed to the District Court. Upon a motion made by the defendant, the appeal was dismissed because the transcript had not been filed by noon of the first day of the term. The bill of exceptions shows that there was no session of the court during the forenoon of the first day of the term, and only for two hours in the afternoon, when, immediately upon the adjournment of the court, the transcript was filed. The next morning, the motion was made and sustained. The rule of court on this subject is set forth in the bill of exceptions to the effect, that, "if an appeal is not filed before noon of the first day of the term, the appellee may file it, and have the judgment below affirmed."

This rule furnishes no authority for dismissing the appeal for the cause assigned, but does give authority to affirm the judgment below, provided, nevertheless, the appellee shall file a transcript of the appeal, which was not done in this case. Unless, therefore, the action of the court can find support from some statutory rule, it would seem to be without authority. We know of no such rule, and feel inclined to reverse the order dismissing the appeal, and remand the cause for trial.

Reversed.

1. District Court: rule of practice.